**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

A.H. LaRenzie Company,
a Minnesota corporation,

Plaintiff,

vs.

Charter Communications, Inc.,
a Delaware corporation, and
Cable Constructions, Inc.,
a Michigan corporation,

Defendants.

Civil No. 02-41 DWF/AJB

**STIPULATION**
AND ORDER

---

The parties, through their undersigned attorneys hereby stipulate as follows:

1. That Plaintiff may amend its Complaint in the manner set forth in Exhibit A attached hereto, and serve the Amended Complaint on all Defendants named therein.

Dated: ~~April~~ May 2, 2002.

T. W. Moore

Terrance W. Moore #194748
Steingart, McGrath & Moore, P.A.
4570 West 77th Street, Suite 100
Minneapolis, MN 55435
(952) 831-7100
Attorneys for Plaintiff A.H. LaRenzie Company

Kathryn Bergstrom

Kathryn Bergstrom #208431
Gray Plant Mooty Mooty and Bennett
3400 City Center
Minneapolis, MN 55402
(612) 343-2800
Attorneys for Defendant Charter Communications, Inc.

IT IS SO ORDERED:

May 7, 2002

Arthur J. Boylan

The Honorable Arthur J. Boylan
Magistrate Judge of District Court

MAY 07 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

M0504

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

A.H. LaRenzie Company,
a Minnesota corporation,

Plaintiff,

vs.

Charter Communications, Inc.,
a Delaware corporation, and
Cable Constructions, Inc.,
a Michigan corporation,

Defendants.

Civil No. 02-41 DWF/AJB

**AMENDED COMPLAINT**

---

As and for its Amended Complaint, Plaintiff alleges as follows:

Jurisdictional Statement

This matter comes before this court following removal from the District Court of Minnesota by Defendant Charter Communications, Inc. on diversity grounds.

I.

Plaintiff A.H. LaRenzie Company ("AHLC") is a Minnesota corporation operating from headquarters located at 44 South St. Croix Trail, Suite 250, Lakeland, Minnesota 55043.

II.

Defendant Charter Communications, Inc. ("Charter") is a cable television company with multiple business addresses in Minnesota, including one at 1210 Northland Drive, Mendota Heights, Minnesota 55118. Charter uses another company, Defendant Cable Constructors, Inc. ("CCI"), as its general contractor for projects in Minnesota. CCI is a cable television system

general contractor, with an office in Minnesota at 24244 Greenway Avenue, Suite E, Forest Lake, Minnesota 55025.

III.

AHLC is an engineering firm. AHLC performs engineering services, including design, quality audits, drop certification and other engineering services for cable television systems, including in the past, Charter.

IV.

In January, 2001, Charter asked AHLC to perform certain work in Minnesota. The work was requested via a letter from Mr. Harry Urschel, a management employee of Charter in Minnesota, to Tammy Seidl, a management employee of AHLC. This correspondence included a chart entitled, "2001 Schedule Update" which detailed work to be performed in Minnesota (the "Minnesota Work"). The correspondence also included a direction from Urschel to "Please review the attached schedule and develop a manpower plan so we can discuss"; and promised that "We will issue PO's to CCI for the walk-out and design with AHLC listed as the sub contractor per BS instructions"; and that "This work will directly be awarded by Charter."

V.

"BS" in Urschel's note refers to Robert "Bob" Shugarman, a Charter management employee. "Walk-out" and "design" are terms of art referring to types of work AHLC had provided Charter in the past.

VI.

In January or February of 2001, Charter asked AHLC to perform work on a new project (the "Tap Redesign Project") in Minnesota. This Tap Redesign Project was required because Charter changed tap manufacturers.

VII.

In the cable television industry, taps are the equipment that provides the connection to the subscriber's home from the outside plant. Taps are manufactured by various companies. Although all taps perform the same function, taps made by different companies distribute the RF signal that passes through them differently. These differences are documented in the manufacturer's specifications. These specifications are used to calculate the outside system design. To complete the redesign the new specifications arc applicd to the existing network design and the design is reworked to meet the original requirements.

VIII.

In February, 2001, AHLC offered to perform the Tap Redesign Project for a fee of $100.00 per mile, for a total of $50,000.00.

IX.

On February 27, 2001, a meeting was held between Charter, CCI, and AHLC. At that meeting, the parties agreed that AHLC would perform the tap redesign project for $50.00 per mile ($25,000.00 total). In exchange for this discount, Charter and CCI promised to use AHLC as subcontractor on the Minnesota Work if AHLC reached an agreement with CCI on pricing.

X.

AHLC and CCI agreed on pricing for Minnesota Work on or about March 10, 2001.

XI.

After making the agreement with CCI, and in reliance on the promise of the Minnesota Work made by Charter and CCI, AHLC completed the Tap Redesign Project for a discounted fee of $25,000 in June, 2001.

XII.

In June, 2001, before completing the Tap Redesign Project, AHLC and Charter entered into contracts for some of the Minnesota Work. These contracts were formed using purchase orders issued by Charter to AHLC and authorized by Robert Shugarman as follows:

(a) On June 5, 2001, Charter ordered construction quality control work to be performed in Little Falls, Minnesota in the amount of $18,159.40.

(b) On June 5, 2001, Charter ordered work to be performed in Aitkin, Minnesota for construction quality control and address sort in the amount of $6,354.70.

(c) On June 5, 2001, Charter ordered construction quality control work in International Falls, Minnesota in the amount of $31,244.85.

(d) On June 5, 2001, Charter ordered construction quality control work to be performed in Bemidji, Minnesota in the amount of $20,825.

(e) On June 6, 2001, Charter ordered construction quality control for Elk River, Minnesota in the amount of $28,175.

(f) On June 11, 2001, Charter ordered construction quality control work to be performed by Charter in Fergus Falls, Minnesota in the amount of $7,350.

These contracts ("The Contracts") were formed by purchase orders offered by Charter and accepted by AHLC. AHLC performed partially on each of these contracts and stands ready and able to complete the contracts.

XIII.

Less than a week after completing the tap redesign in June, 2002, Charter informed AHLC that AHLC would not be awarded any more Minnesota Work from Charter.

XIV.

In October, 2001, Charter ordered AHLC to cease work on The Contracts as follows:

(a) Little Falls, Minnesota in the amount of $18,159.40 with $16,660 remaining.

(b) Aitkin, Minnesota in the amount of $7,350 with $5,873.10 remaining.

(c) International Falls, Minnesota in the amount of $31,244.85 with $15,640.80 remaining.

(d) Bemidji, Minnesota in the amount of $20,825 with $18,411.75 remaining.

(e) Elk River, Minnesota in the full contract amount of $28,175. $10,218.95 of work remains on the contract.

(f) Fergus Falls, Minnesota in the amount of $7,350 with $5,843.25 remaining.

XV.

Charter's termination of the contracts as described above constitutes a breach of the contracts, the result of which caused loss of revenue to AHLC in the amount of $72,647.85.

XVI.

AHLC sought more work from Charter in the summer and autumn of 2001, but was repeatedly advised that AHLC not be awarded any Minnesota Work from Charter.

**COUNT ONE**
**PROMISSORY ESTOPPEL**

XVII.

AHLC restates and realleges Paragraphs I through XVI and incorporates them herein by reference.

XVIII.

Charter and CCI made a clear and definite promise to AHLC that if AHLC would reduce its price by $25,000 on the Tap Redesign Project, Charter and CCI would award the Minnesota Work to AHLC.

XIX.

Charter and CCI made the promise to AHLC with the intent that AHLC rely on the promise and perform the Tap Redesign Project at a significant discount.

XX.

AHLC actually relied on Charter's and CCI's promise and performed the Tap Redesign Project at a $25,000 discount. In addition, in reliance on Charter and CCI's promise of Minnesota Work, AHLC spent more than $50,000 in manpower, equipment and other costs.

XXI.

In further reliance on the promise of Minnesota Work from Charter and CCI, AHLC did not seek work for the summer and fall of 2001 from other sources.

XXII.

AHLC's projected profits from the Minnesota Work promised by Charter and CCI, as set out in the "2001 Schedule Update" exceeds $50,000.

XXIII.

Charter and CCI's promise must be enforced to prevent injustice.

XXIV.

As a result of Charter's and CCI's broken promise, AHLC has been harmed in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT TWO**
**BREACH OF CONTRACT**

XXV.

AHLC restates and realleges Paragraphs I through XXIV and incorporates them herein by reference.

XXVI.

A contract was formed between AHLC, Charter and CCI when AHLC, Charter and CCI agreed that AHLC would reduce its price for the Tap Redesign Project in exchange for award of the Minnesota Work.

XXVII.

AHLC then performed the Tap Redesign Project which Charter and CCI accepted at the discounted price.

XXVIII.

Charter and CCI breached the contract by refusing to provide Minnesota Work after accepting the discount from AHLC.

XXIX.

Contracts were formed for the Minnesota Work (as described above) in Little Falls, Minnesota; Aitkin, Minnesota; International Falls, Minnesota; Bemidji, Minnesota; Elk River, Minnesota; and Fergus Falls, Minnesota.

XXX.

Charter breached The Contracts by ordering AHLC to stop performing work under the contracts in October, 2001.

XXXI.

As a result of Charter's breach of contract, AHLC is entitled to recover its expectation damages, which are in excess of $50,000.00.

WHEREFORE, AHLC requests judgment from this Court as follows:

1. Judgment in its favor against Charter and CCI, jointly and severally, in an amount in excess of $50,000.00.
2. Such other relief as this Court may deem just and equitable.

Dated: ____________________

Steingart, McGrath & Moore, P.A.

______________________________
Terrance W. Moore #194748
Attorney for AHLC
4570 West 77th Street, Suite 100
Minneapolis, MN 55435
(952) 831-7100

**ACKNOWLEDGMENT**

I hereby acknowledge that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. Sec. 549.211, to the party against whom the allegations in this pleading are asserted.

______________________________
Terrance W. Moore