**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

A.H. LaRenzie Company, a Minnesota corporation,

Plaintiff,

v.

Charter Communications, Inc., a Delaware corporation and Cable Constructors, Inc., a Michigan corporation,

Defendants.

Civil No. 02-41 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Terrance W. Moore, Esq., Steingart McGrath & Moore, 4570 - 77th Street West, Suite 100, Minneapolis, MN 55435, counsel for Plaintiff.

Kathryn J. Bergstrom, Esq., Gray Plant Mooty Mooty & Bennett, 3400 City Center, 33 South Sixth Street, Minneapolis, MN 55402, counsel for Defendant Charter Communications, Inc.

Michael R. Docherty, Esq., Rider Bennett Egan & Arundel, 2000 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, and Brian W. Lewis, Esq., and Elizabeth M. Keiley, Esq., Wildman Harrold Allen & Dixon, 225 West Wacker Drive, Suite 3000, Chicago, IL 60606, counsel for Defendant Cable Constructors, Inc.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on September 13, 2002, pursuant to Defendant Cable Constructors, Inc.'s Motion to Dismiss. In the Complaint, Plaintiff asserts claims for damages against both Defendants based upon theories of promissory estoppel and breach of contract. For the reasons set forth below, Defendant's motion is denied.

SEP 17 2002
FILED ____________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

## Background

Defendant Charter Communications, Inc. ("Charter"), is a cable television company which does business in the State of Minnesota. Defendant Cable Constructors, Inc. ("CCI"), performs general contracting work for Charter in Minnesota. Plaintiff A.H. LaRenzie Company ("AHLC") is an engineering firm which provides a number of engineering services for cable television systems. AHLC has performed work for Charter in the past.

At the outset, the Court notes that the Complaint is not a model of clarity. However, the following facts appear to be alleged in the Complaint.

In January of 2001, Charter directly approached AHLC about performing certain engineering contracts in Minnesota. These contracts, the "direct contracts," were directly issued by Charter to AHLC.

In February of 2001, Charter and AHLC began negotiations regarding a particular project, the "Tap Redesign Project," which Charter wanted AHLC to undertake. AHLC originally quoted a price of $50,000 for completing the Tap Redesign Project. On February 27, 2001, Charter, AHLC, and CCI all met to discuss future contract work. The parties agreed that AHLC would perform the Tap Redesign Project for $25,000, and, in exchange, CCI would designate AHLC as the subcontractor on a number of contracts for which CCI was the general contractor (hereinafter, the "indirect contracts"), so long as CCI and AHLC could agree on a pricing schedule.

AHLC and CCI agreed upon a pricing schedule for the indirect contracts; AHLC completed the Tap Redesign Project; and AHLC began performing on the direct contracts. It is not clear whether AHLC also began performing on the indirect contracts. Shortly after AHLC completed the Tap Redesign Project in June of 2001, Charter informed AHLC that it would not

award any future contracts to AHLC. Moreover, in October of 2001, Charter ordered AHLC to cease work on all existing contracts, both the direct and indirect contracts.

## Discussion

### 1. Standard of Review

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In deciding a motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Id.* The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Nietzke v. Williams*, 490 U.S. 319, 326 (1989). The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing." *Id.* at 327.

### 2. Breach of Contract Claim

CCI asserts that AHLC has not adequately pled a claim for breach of contract against CCI because the contracts referenced in the Complaint were all between AHCL and Charter and, according to the Complaint, were breached by Charter's actions. The Court agrees that the Complaint is not entirely clear regarding which contracts were between which parties. However, the Complaint clearly indicates that CCI was the general contractor and AHLC the subcontractor for a number of the contracts at issue. Moreover, the Complaint indicates that all of the contracts at issue were breached. Therefore, the Complaint alleges, however indirectly, that the contracts between CCI and AHLC were breached. While the Complaint asserts that Charter was the party

which insisted that AHLC cease work on the projects, to the extent that the contracts were between CCI and AHLC, CCI had an obligation under the contract to see the contract through; AHLC and/or CCI might in turn have a claim for tortious interference with contract against Charter, but that does not undermine the sufficiency of the Complaint.

**3. Promissory Estoppel**

CCI further asserts that, to the extent that AHLC has alleged a claim for breach of contract, AHLC cannot also allege a claim for promissory estoppel because the two claims are mutually exclusive: one requires the existence of a contract between the parties and the other necessarily fails in the face of a contractual relationship. However, the Federal Rules clearly contemplate the ability of parties to plead in the alternative. There is nothing absurd about a party claiming, as AHLC does here, that the party believes there was a contract which was breached but, at a minimum, if the Court finds that no contract existed, there is a claim for promissory estoppel. It is doubtful that both of these claims will be presented to a jury, but the Court will not dismiss one as inconsistent with the other without some discovery which would indicate which is the more appropriate claim.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant Cable Constructors, Inc.'s Motion to Dismiss (Doc. No. 17) is **DENIED**.

Dated: September 17, 2002

DONOVAN W. FRANK
Judge of United States District Court