UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

A.H. LaRenzie Company, a Minnesota corporation,

Plaintiff,

vs.

Charter Communications, Inc., a Delaware corporation, and Cable Constructors, Inc., a Michigan corporation,

Defendants.

Civil No: 02-41 DWF/AJB

**STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

---

WHEREAS this matter comes before the Court upon the request of all parties for a protective order pursuant to Fed. R. Civ. P. 26.03 incorporating the terms of the following stipulation concerning confidential information; and

WHEREAS Plaintiff and Defendants agree that this action may require disclosure of information regarded by the producing party as non-public or confidential commercially valuable information;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their undersigned counsel, and subject to approval of the Court, as follows:

1. This Stipulation and Order Concerning Confidential Information (the "Stipulation") shall govern disclosure and use of all documents, deposition testimony, interrogatory answers, and other information disclosed in this action ("Discovery Material").

2. Any party disclosing confidential information in Discovery Material may designate it as "Confidential" under this Stipulation. No designation as "Confidential" shall be

JAN 13 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

made unless the disclosing party believes in good faith that the designated information contains non-public or confidential commercially valuable information.

3. All information designated as "Confidential" (and all copies, summaries, or quotations of such information) shall be used solely for purposes of this action and shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to the public or otherwise put into the public domain. Information designated as "Confidential" may, however, be disclosed to:

a. the Court;

b. counsel of record for a party, legal assistants or regular employees or outside contractors (such as document copying services) of counsel of record, in-house counsel for a party, and legal assistants or regular staff or outside contractors (such as document copying services) of in-house counsel for a party;

c. employees, officers, directors, and authorized representatives of a party or a party's affiliate;

d. third-party experts or consultants engaged by counsel of record or a party to assist in this action, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that such third-party expert or consultant signs an undertaking in the form of Exhibit A hereto prior to such disclosure; and

e. stenographic reporters employed in depositions, hearings or other proceedings in this action.

4. Any party designating information as "Confidential" under this Stipulation may further designate such information as "Confidential – Qualified Persons Only". No designation as "Confidential – Qualified Persons Only" shall be made unless the disclosing party believes in the utmost good faith that the designated information embodies extremely sensitive, confidential and proprietary information (for example, future pricing information) for which there is a compelling business reason of a competitive nature for restricting access to such information to the Qualified Persons as defined in paragraph 5 below.

5. All information designated as "Confidential – Qualified Persons Only" (and all copies, summaries, or quotations of such information) shall be used solely for purposes of this action and shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to the public or otherwise put into the public domain. Information designated as "Confidential – Qualified Persons Only" may, however, be disclosed to:

a. the Court;

b. counsel of record for a party, legal assistants or regular employees or outside contractors (such as document copying services) of counsel of record, in-house counsel for a party, and legal assistants or regular staff or outside contractors (such as document copying services) of in-house counsel for a party;

c. third-party experts or consultants engaged by counsel of record or a party to assist in this action, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that such

third-party expert or consultant signs an undertaking in the form of Exhibit A hereto prior to such disclosure; and

d. stenographic reporters employed in depositions, hearings or other proceedings in this action.

6. Notwithstanding the foregoing, the restrictions on disclosure set forth in this Stipulation shall not:

a. apply to information that was or becomes public knowledge not in violation of this Stipulation;

b. apply to information acquired by the non-designating party from a third party having the right to disclose such information or material;

c. restrict a designating party from using its own documents in any way;

d. prevent disclosure of any document to its author; or

e. prevent modification of any designation as "Confidential" or "Confidential – Qualified Persons Only" on written consent of the producing party without further decision of the Court.

7. Any party may at any time challenge the designation of Discovery Material as "Confidential" or "Confidential – Qualified Persons Only" and contend that such Discovery Material is not entitled to be treated as "Confidential" or "Confidential – Qualified Persons Only", or that disclosure should be permitted in some manner not otherwise authorized herein. If after the parties confer regarding the informal challenge to the confidential designation, the party challenging the designation still believes that the designation should be withdrawn or modified, the party may seek an order from the Court determining that the specified information designated as "Confidential" or "Confidential – Qualified Persons Only" is not entitled to such confidential

treatment, or that disclosure should be permitted in some manner not otherwise authorized herein. The fact that a party agrees to abide by the terms of this Stipulation, and receives information designated as "Confidential" or as "Confidential – Qualified Persons Only" under it, shall not be deemed an admission by the receiving party that any information is correctly so designated.

8. No designation of information as "Confidential" shall be effective unless a "CONFIDENTIAL" label or notice is put on the Discovery Material containing such information. No designation of information as "Confidential – Qualified Persons Only" shall be effective unless a "CONFIDENTIAL – QUALIFIED PERSONS ONLY" label or notice is put on the Discovery Material containing such information. Any "Confidential" or "Confidential – Qualified Persons Only" designation that is inadvertently omitted may be corrected by written notice to opposing counsel. Testimony given at a hearing or other proceeding may be designated as "Confidential" or as "Confidential – Qualified Persons Only" by an appropriate statement at the time the testimony is given or by designation within ten business days after receipt of the transcript of the deposition or hearing. No disclosure of the transcript or any portion of the transcript to anyone other than Qualified Persons shall be made within this ten business day period without the prior written consent of counsel for the disclosing party.

9. All documents filed with the Court, including briefs, that contain or constitute information designated as "Confidential" or as "Confidential – Qualified Persons Only" shall be filed under seal enclosed in a sealed envelope marked with the title of this litigation and a statement in substantially the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED AS OF APRIL ___, 2002 GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION. THIS ENVELOPE SHALL NOT BE OPENED OR THE CONTENTS DISCLOSED EXCEPT IN ACCORDANCE WITH SUCH PROTECTIVE ORDER OR BY COURT ORDER.

10. At the conclusion of this action, including all appeals, documents containing or constituting information designated as "Confidential" or as "Confidential – Qualified Persons Only", and all copies or portions thereof, shall be returned to the producing party's counsel if requested, or counsel for the receiving party shall certify by affidavit or affirmation that all such copies or portions thereof that have not been returned have been destroyed. If the producing party requests the return or destruction of the documents it produced in the litigation, it shall bear the return shipping or document destruction expense for the documents. Notwithstanding the foregoing, outside counsel for each party may retain one copy of any document filed with the Court, provided that the file in which such document is retained indicates that such file includes "Confidential" or "Confidential – Qualified Persons Only" information and that access to such document is restricted in accordance with this Stipulation.

11. In the event a party receiving documents designated "Confidential" or "Confidential – Qualified Persons Only" is subpoenaed to testify or produce such documents, the subpoenaed party shall immediately notify the disclosing party who designated such documents as "Confidential" or "Confidential – Qualified Persons Only".

12. This Stipulation and Protective Order is not intended by the parties to this action to govern or in any way pertain to tax data or tax information classified under Minn. Stat. § 270B (2000) as private, confidential, nonpublic, or protected nonpublic.

Dated: 12/19, 2002

STEINGART, MCGRATH & MOORE, LLC

By T. Moore
Terrance W. Moore #194748
4570 W. 77th Street, Suite 100
Edina, Minnesota 55435
Telephone: (952) 831-7100

Attorneys for Plaintiff A. H. LaRenzie Company

Dated: 12-18, 2002

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By Kathryn Bergstrom
Kathryn J. Bergstrom #218431
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800
Facsimile: (612) 333-0066

Attorneys for Defendant Charter Communications, Inc.

Dated: ____________, 2002

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By________________________________
Michael R. Docherty, #16690X
33 South Seventh Street
Suite 2000
Minneapolis, Minnesota 55402
Telephone: (612)
Facsimile: (612)

Attorneys for Defendant Cable Constructors, Inc.

Dated: ____________, 2002

STEINGART, MCGRATH & MOORE, LLC

By________________________________

Terrance W. Moore #194748
4570 W. 77th Street, Suite 100
Edina, Minnesota 55435
Telephone: (952) 831-7100

Attorneys for Plaintiff A. H. LaRenzie Company

Dated: 12-18, 2002

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By Kathryn Bergstrom

Kathryn J. Bergstrom #218431
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800
Facsimile: (612) 333-0066

Attorneys for Defendant Charter Communications, Inc.

Dated: ____________, 2002

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By________________________________

Michael R. Docherty, #16690X
33 South Seventh Street
Suite 2000
Minneapolis, Minnesota 55402
Telephone: (612)
Facsimile: (612)

Attorneys for Defendant Cable Constructors, Inc.

Dated: ____________, 2002

STEINGART, MCGRATH & MOORE, LLC

By________________________________
Terrance W. Moore #194748
4570 W. 77th Street, Suite 100
Edina, Minnesota 55435
Telephone: (952) 831-7100

Attorneys for Plaintiff A. H. LaRenzie Company

Dated: 12-18, 2002

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By Kathryn Bergstrom
Kathryn J. Bergstrom #218431
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800
Facsimile: (612) 333-0066

Attorneys for Defendant Charter Communications, Inc.

Dated: 12/31, 2002

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By Michael R. Docherty
Michael R. Docherty, #16690X
33 South Seventh Street
Suite 2000
Minneapolis, Minnesota 55402
Telephone: (612)
Facsimile: (612)

Attorneys for Defendant Cable Constructors, Inc.

**SO ORDERED:**

Date: 1/13/03

Arthur J. Boylan
Magistrate Judge of the U. S. District Court

Exhibit A
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| A.H. LaRenzie Company, a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Charter Communications, Inc., a Delaware corporation, and Cable Constructors, Inc., a Michigan corporation,<br><br>Defendants | Civil No: 02-41 DWF/AJB |

**UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED BY STIPULATION BETWEEN THE PARTIES**

The undersigned, whose assistance is required in the prosecution or defense of this action, hereby acknowledges that he or she has read the "Stipulation and Order Concerning Confidential Information" dated as of ______________, 2002 (the "Stipulation and Order") between then parties in the above-captioned case; that he or she understands the terms of the Stipulation and Order; and that he or she undertakes to make no disclosure or use of any material or information designated as "Confidential" or as "Confidential – Qualified Persons Only" except as permitted by the Stipulation and Order.

| | |
|---|---|
| ______________________<br>Date | ______________________________<br>signature |
| | ______________________________<br>printed name |
| | ______________________________<br>street address |
| | ______________________________<br>city, state address |

GP:880569 v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.